a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TAYEM TIEH ISABEL #A221-389-645,<br>Petitioner | CIVIL DOCKET NO. 3:26-CV-00569<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN RICHWOOD CORRECTIONAL CENTER,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Tayem Tieh Isabel ("Isabel"), an immigration detainee at Richwood Correctional Center in Monroe, Louisiana. Isabel seeks release from detention.[1]

A court may order a respondent to file an answer, motion, or other response, in its discretion. *See generally* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008); *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna,

---

[1] Isabel has been detained since January 1, 2025. ECF No. 1 at 4. She was ordered removed on October 8, 2025, and she appealed. Although her appeal was filed on October 29, 2025, no briefing schedule has been set. https://acis.eoir.justice.gov/en/caseInformation

1

M.J.)[2]. And this Court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in similar cases.

Accordingly, to determine whether Isabel is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and (4) the Warden where Isabel is detained.

IT IS ORDERED that a Response be filed within **21 days** following the date of service, with summary judgment evidence regarding the lawfulness of her detention.

IT IS FURTHER ORDERED that Petitioner shall have 14 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of her detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

---

[2] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

SIGNED on Thursday, April 2, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE